UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HINA SHAH,

    Plaintiff,

v.                                             CASE NO. 8:11-cv-00905-T-33MAP

CENTURUM, INC., L-3 COMMUNICATIONS,
INC., GLOBAL LINGUIST SOLUTIONS, LLC,
and JOHN DOES 1-10, sued individually
and in their official capacities,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff ("Shah") alleges that Defendants, all defense contractors operating in Iraq, discriminated against her due to her sex, religion, ethnicity, age, and national origin. All the Defendants have filed motions to dismiss (docs. 49, 51, and 62) attacking the timeliness of the Shah's service (Fed. R. Civ. 12(b)(5)). Only two Defendants, Centurum, Inc. ("Centurum"), and Global Linguist Solutions, LLC ("GLS"), attack the complaint itself (Fed. R. Civ 12(b)(6)). After consideration, I recommend the district judge as to Centurum deny its Rule 12(b)(5) motions, deny without prejudice its Rule 12(b)(6) motion, and require Shah file a repleader within 30 days; as to L-3 Communications grant its Rule 12(b)(5) motion; and as to GLS grant its Rule 12(b)(5) motion and find its Rule 12(b)(6) motion moot.[1]

---

[1] The district judge referred these motions to me for a report and recommendation per 28 U.S.C. § 636.

*A. Procedural History*

This case's procedural past involves two related actions in separate federal districts – one initiated by Centurum in the Middle District of Florida and the other by Shah in the District of New Jersey. Both center on Shah's allegations of sex, religion, ethnicity, age, and national origin discrimination, and both ended up here for consideration. Adding to the complexity is the nuance of corporate structures and entities, not to mention that most of the purported discriminatory events Shah complains about occurred in Iraq from 2007 through 2009 while she served as a screener at a United States military base.

Apparently weeks after the EEOC issued Shah its right-to-sue letter, Centurum Information Operations, Inc. (CIO) and Centurum, Inc. (Centurum) preemptively filed a complaint in this Court on February 3, 2010, against Shah seeking declaratory relief about Shah's alleged claims under the federal employment law governing racial, religious, and age discrimination. *See Centurum Information Operations, Inc., et al. v. Hina Shah*, Case No. 8:10-cv-368-T-33EAJ. More particularly, the Centurum plaintiffs alleged that Shah, as an employee of CIO, served as a screener in Iraq from February 2007 through March 2009 and reported to CIO personnel in CIO's Tampa office. *Id.* at doc. 1, ¶¶ 6, 8. These plaintiffs sought a declaratory judgment which, among other demands, determined that Centurum did not employ Shah and that her claims were without merit.[2]

---

[2] The parties eventually entered a stipulation of dismissal per Fed.R.Civ.P. 41(a), and the Court dismissed the case on September 16, 2011.

A little more than two months later (April 19, 2010), Shah filed the instant action in the District of New Jersey alleging discrimination based upon sex, religion, race, ethnicity, age, and national original in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C § 1981.[3] She effected service on the Defendants well beyond the Fed.R.Civ.P. 4(m)'s 120-day limit.[4] All three corporate Defendants filed motions to dismiss arguing improper venue under Title VII's venue provisions. GLS also moved to dismiss the complaint for untimely service per Rule 12(b)(5) and for failure to state a cause of action under Rule 12(b)(6). *See* doc. 37. Centurum similarly moved to dismiss under 12(b)(6).

   B. *Rule 12(b)(5) motions*

A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m). Fed.R.Civ.P. 4(c)(1). Rule 4(m) states in relevant part, "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend

---

[3] Title VII prohibits employment discrimination based on race, color, religion, sex and national origin, not age. *See* 42 U.S.C. Sec. 2000e-2 (a)(1) and (a)(2). Similarly, § 1981 does not prohibit discrimination based upon sex or religion. *See* 42 U.S.C. § 1981.

[4] Plaintiff served the Defendants on the following dates: Centurum, Inc. on September 21, 2010; Global Linguist Solutions, LLC on September 22, 2010; and L-3 Communications on September 22, 2010. *See* docs. 4, 5, and 6.

the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991) (per curiam) (discussing "good cause" under the former Rule 4(j)), superseded in part by rule as stated in *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 n. 2 (11th Cir.2005). Even in the absence of good cause, a district court has the discretion to extend the time for service of process. *Horenkamp*, 402 F.3d at 1132; see *Henderson v. United States*, 517 U.S. 654, 663, (1996) (recognizing that in the 1993 amendments to the rules, courts have been accorded the discretion to enlarge the 120-day period even in the absence of showing good cause). The Eleventh Circuit applies a two-step guide for determining whether an extension of Rule 4(m)'s deadline should be granted; has plaintiff shown good cause for the failure to comply with the 120-day time limit and, if no good cause exists, should an extension be given within the Court's "sound exercise of its discretion." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1282 (11th Cir.2007).[5]

Shah concedes she did not serve the Defendants within Rule 4(m)'s time limit, but she says her omission was justified and therefore excusable under the rule. I find Shah's position with respect to Centurum reasonable given their litigious history. However, her arguments as to the other corporate Defendants are not persuasive.

---

[5] The Court in *Lepone* held that when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.

*1. Centurum*

This is not the typical case where a plaintiff sues a defendant, who knows nothing about the lawsuit, and then waits too long per Rule 4(m) to serve her complaint. Before Shah filed her complaint in the District of New Jersey, Shah and Centurum had been in litigation administratively and in this district. After filing the instant complaint, Shah's counsel attempted to serve Centurum by submitting a letter to their counsel, Attison Barnes, requesting he accept service on behalf of Centurum.[6] What followed was a back-and-forth harangue between lawyers about appropriate service of process, litigation stances, and alleged claims of misrepresentations. *See* doc. 71-1 (and attachments). Eventually Shah's attorney hired a process server to serve the summons well beyond Rule 4(m)'s time limit.

None of this should have been necessary. As Fed.R.Civ.P. 4(d) makes clear, a plaintiff may request a waiver of service on an individual or corporation that is subject to service under Rule 4(e), (f) or (h). *See* Fed.R.Civ.P. 4(d). Rule 4(h) sets forth the requirements for serving a corporation and Rule(d)(2) sets forth the sanctions imposed for a defendants failure to sign and return a proper waiver request. *See* Fed.R.Civ.P. 4(h) and (d)(2). Centurum's counsel should have accepted service as the rule imposes a core concept – a defendant is duty-bound to avoid the unnecessary costs of formal personal service of process. To reward Centurum for failing to accept timely service and then

---

[6] I note in the declaratory action, Centurum had served its summons on Shah's current counsel. Shah later complained in that action that her attorney was not authorized to accept service. *See* Case No. 8:10-cv-368-T-33EAJ (doc. 19 at p. 6).

complaining about late formal service counters the utilitarian purpose of Rule 4 and Rule 1's directive that all the rules be construed in a manner that secures a just, speedy, an inexpensive determination of every action and proceeding.[7] Shah's failed efforts to obtain a waiver amounted to good cause, and irrespective of that good cause, the Court's exercise of its sound discretion warrants acceptance of the late service.[8]

### 2. L-3 Communications and GLS

Unlike Centurum, L-3 Communications and GLS were not parties to the declaratory judgment action. While Shah's counsel may have attempted some communication with their attorneys, the record is far from clear about those efforts. In any event, Shah fails to offer any meaningful showing of good cause for her delay in serving these Defendants. Further, I find no reason for exercising discretion and excusing her failure to meet Rule 4(m)'s time demands. Accordingly, L-3 Communications's and GLS's motions to dismiss per Rule 12(b)(5) should be granted.

### C. Rule 12(b)(6) motions

Per Rule 12(b)(6), Centurum moves to dismiss the complaint on two grounds. First, it did not employ Shah; instead, it contends CIO did, and therefore CIO should be the proper party. To that end, Centurum points to averments Shah made in the administrative proceedings or in the companion declaratory action purportedly

---

[7] This service issue has been expensive for the litigants and unnecessarily time consuming for the Court.

[8] This finding makes GLS's Rule 12(b)(6) motion moot. Consequently, I do not address the motion's merits.

acknowledging that CIO employed her.[9] Next, Centurum says Shah's factual allegations against Centurum do not give rise to actionable conduct.

The Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which he bases his claim. Instead, all that is required is that the claimant set forth a "short and plain statement of his claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Hence, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful)." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) quoting *Papason v. Allain*, 478 U.S. 265, 286 (1986). Moreover, the pleadings are construed broadly, and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007).

With this backdrop in mind, Shah's complaint is frankly difficult to follow. She attributes a variety of statements to individuals who may or may not have been Centurum

---

[9] As Centurum points out, a court may consider extrinsic documents without converting the Rule 12(b)(6) motion to a summary judgment motion. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Centurum's attachments fall within the category of acceptable Rule 12(b)(6) documents.

employees (assuming it is the proper defendant). Some of these statements may be irrelevant to the action. In any event, a more focused complaint would make review more efficient.

*D. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1. Defendant Centurum's renewed motion to dismiss the complaint (doc. 51) be denied in part as the motion pertains to Centurum's Rule 12(b)(5) arguments; Centurum's Rule 12(b)(6) motion should be denied without prejudice.

2. L-3 Communications, Inc.'s Rule 12(b)(5) motion to dismiss (doc. 49) should be granted.

3. Global Linguist Solutions, LLC's motion to dismiss (doc. 62) as to its Rule 12(b)(5) argument should be granted.[10]

IT IS SO REPORTED in Tampa, Florida on May 17, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

---

[10] As initially noted, Global Linguistic also seeks dismissal per Rule 12(b)(6). Given the Shah's failure to serve that party timely, that part of its motion is moot. Nonetheless, Global Linguistic's motion has merit as Shah fails to allege in her complaint that Global Linguistic employed her.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Virginia M. Hernandez Covington
      Counsel of Record