UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HINA SHAH,

    Plaintiff,
v.                      Case No. 8:11-cv-0905-T-33MAP

CENTURUM, INC., ET AL.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court pursuant to the May 17, 2012, Report and Recommendation of Mark A. Pizzo, United States Magistrate Judge (Doc. # 90), in which Judge Pizzo recommends that: (1) Defendant Centurum's motion to dismiss the complaint (Doc. # 51) be denied as to Centurum's Rule 12(b)(5) arguments and denied without prejudice as to Centurum's Rule 12(b)(6) arguments; (2) Defendant L-3 Communications, Inc.'s Rule 12(b)(5) motion to dismiss (Doc. # 49) be granted; and (3) Defendant Global Linguist Solutions, LLC's motion to dismiss (Doc. # 62) be granted as to its 12(b)(5) arguments and its 12(b)(6) arguments be denied as moot.

Plaintiff Hina Shah filed a timely objection to the Report and Recommendation on May 31, 2012, in which Shah objects only to the Magistrate Judge's recommendation that L-3 Communication's motion to dismiss be granted. (Doc. # 91). L-

3 filed a response in opposition to Plaintiff's objection on June 14, 2012. (Doc. # 97). On June 4, 2012, Defendant Centurum filed objections to the Report and Recommendation, in which Centurum objects to the Magistrate Judge's recommendation that its motion to dismiss be denied. (Doc. # 93). Shah filed a response in opposition to Centurum's objections on June 18, 2012 (Doc. # 100), to which Centurum filed a reply on June 29, 2012 (Doc. # 103).

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After careful consideration and being fully advised in

the premises, for the reasons that follow, the Court overrules Centurum's objections, sustains Shah's objections, adopts the Report and Recommendation in part as modified herein and rejects the Report and Recommendation in part. Specifically, the Court finds it appropriate to deny Centurum's motion on both 12(b)(5) and 12(b)(6) grounds, deny L-3's 12(b)(5) motion, deny Global Linguist Solutions' motion on 12(b)(5) grounds and grant Global Linguist Solutions' motion on 12(b)(6) grounds.

## I. Background

The following procedural history is taken from the Report and Recommendation. (Doc. # 90 at 2-3).

This case's procedural past involves two related actions in separate federal districts -- one initiated by Centurum in the Middle District of Florida and the other by Shah in the District of New Jersey. Both center on Shah's allegations of sex, religion, ethnicity, age, and national origin discrimination, and both ended up [in the Middle District of Florida] for consideration. Adding to the complexity is the nuance of corporate structures and entities, not to mention that most of the purported discriminatory events Shah complains about occurred in Iraq from 2007 through 2009 while she served as a screener at a United States military base.

Apparently weeks after the EEOC issued Shah its right-to-sue letter, Centurum Information Operations, Inc. (CIO) and Centurum, Inc. preemptively filed a complaint in this Court against Shah on February 3, 2010, seeking declaratory relief about Shah's alleged claims under the federal employment law governing racial, religious, and age discrimination. See Centurum Information Operations, Inc., et al. v. Hina Shah, Case No. 8:10-cv-368-T-33EAJ. More particularly, the Centurum plaintiffs alleged that Shah, as an employee of CIO, served as a screener in Iraq from February 2007 through March 2009 and reported to CIO personnel in CIO's Tampa office. Id. at Doc. # 1, ¶¶ 6, 8. These plaintiffs sought declaratory judgment which, among other demands, determined that Centurum did not employ Shah and that her claims were without merit.[1]

A little more than two months later, on April 19, 2010, Shah filed the instant action in the District of New Jersey alleging discrimination based upon sex, religion, race, ethnicity, age, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., and 42 U.S.C. § 1981. (Doc. # 1). She effected service on the

---

[1] The parties eventually entered a stipulation of dismissal per Fed.R.Civ.P. 41(a) and the Court dismissed the case on September 16, 2011.

Defendants a little over a month beyond Federal Rule of Civil Procedure 4(m)'s 120-day limit by serving Centurum on September 21, 2010, Global on September 22, 2010, and L-3 on September 22, 2010. (Doc. # 4-6). All three Defendants filed motions to dismiss for untimely service, with Centurum and L-3 also arguing that venue in New Jersey was improper under Title VII's venue provision. (Doc. ## 9, 12, 14). On April 20, 2011, New Jersey District Court ruled that venue in New Jersey was improper and transferred the case to this District. (Doc. ## 37, 38).

Following the transfer, the Defendants filed renewed motions to dismiss under Rule 12(b)(5) based on Shah's untimely service of the complaint. (Doc. ## 49, 51, 62). In their motions, Centurum and Global also move to dismiss under Rule 12(b)(6) for failure to state a cause of action upon which relief may be granted. (Doc. ## 51, 62).

**II. Analysis**

    **A. 12(b)(5) Motions**

A plaintiff generally must effect service of process within 120 days after filing the complaint. Specifically, Fed.R.Civ.P. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion

> or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Id.

### 1. **Good Cause**

Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carrol Cnty. Comm'ns, 476 F.3d 1277, 1281 (11th Cir. 2007)(citations omitted). Further, "[i]n determining good cause, courts have considered factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process." Pridemore v. Regis Corp., No. 3:10-cv-605, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011) (internal quotations and citations omitted).

In her consolidated response to the motions, Shah contends that just three days after filing the complaint on April 19, 2010, her counsel initiated attempts to effect service upon the Defendants by submitting a letter to Centurum's counsel requesting counsel to accept service on Centurum's behalf. (Doc. # 70 at ¶ 5). Shah's counsel subsequently contacted Centurum's counsel via email and

letters with the same request on April 22, 2010, April 28, 2010, and May 27, 2010. Id. at ¶¶ 6, 8. Shah argues that "[r]ather than simply accept service and move on to the merits of this action, Centurum chose instead to engage in a prolonged stalling and shell game, with counsel either ignoring repeated requests to accept service, stating he will check with Centurum to see if acceptance of service is authorized, or conditioning acceptance of service upon transferring this action . . . to the present venue." Id. at 9. Shah states that similar attempts to effectuate service upon L-3 and Global were not made "because it was the reasonable understanding of [Shah's counsel] that Centurum, through its counsel, was acting as lead counsel in this matter on behalf of Defendants, and that their defense was a joint defense as to all substantive and procedural matters in this controversy." Id. at ¶ 11.

Shah argues that her four good faith attempts to effectuate service through Centurum's counsel, and Centurum's refusal to accept service through counsel, constitute good cause for extending the time for service under Rule 4(m). In the Report and Recommendation, Judge Pizzo agreed with Shah in part, finding good cause for an extension as to Centurum, but not as to L-3 or Global. (Doc. # 90 at 6).

In its objection, Centurum takes issue with the Magistrate Judge's characterization of the facts surrounding the communications between counsel regarding service.[2] (Doc. # 93 at 7). Specifically, Centurum explains that its counsel responded to Shah's request by proposing that he would accept service on Centurum's behalf in the instant action if Shah's counsel would accept service on her behalf in Centurum's prior declaratory judgment action. Centurum contends that Shah's counsel refused to accept service on her behalf in the declaratory action, leading to a stalemate on the service of process issue in May 2010. In light of the stalemate, Centurum formally served Shah on May 24, 2010. Centurum argues that Shah could and should have then done the same thing in this action, but inexplicably waited another four months to serve the Defendants on September 21, 2010, over a month after the 120-day period expired on August 17, 2010. Centurum also points out that at no time did Shah's

---

[2] Shah argues that Centurum's objections to the Report and Recommendation, filed on June 4, 2012, were not timely filed within the 14-day period following the issuance of the Report and Recommendation on May 17, 2012. As such, Shah urges the Court not to consider the objections. Centurum argues in response that pursuant to Rule 6(d), Fed.R.Civ.P., it is allowed three extra days for filing objections due to the electronic service of the Report and Recommendation. For purposes of this Order, the Court will consider Centurum's objections as timely filed.

counsel provide Centurum with the necessary forms to request a waiver of service as required by Rule 4(d), Fed.R.Civ.P., nor did any of the Defendants attempt to evade service at any point.  Accordingly, Centurum contends that good cause does not exist for extending the time for service under Rule 4(m).

The Court agrees with Centurum's argument and finds that Shah has failed to establish good cause for extending the time for service for any of the Defendants.  Although Shah may have requested on several occasions for Centurum's counsel to accept service on the Defendants' behalf, the evidence shows that those efforts ended in May 2010, well before the 120-day period ended on August 17, 2010.[3]  Yet Shah has not provided any reason to explain why she waited another four months to effect service on the Defendants after the discussions reached a stalemate and has not provided any evidence showing that she was prevented from serving the Defendants during that time.  Accordingly, the Court finds that Shah has not established good cause for extending the time for service because she has not shown that some outside factor, rather than inadvertence or negligence, prevented timely service on the Defendants.

---

[3] Plaintiff's last letter to Centurum's counsel on this issue is dated May 27, 2010 (Doc. # 70-1 at 32), and Centurum's counsel responded by letter the following day. Id. at 35.

### 2. **Discretionary Extension**

Even in the absence of good cause, the Court has the discretion to extend the time for service of process, and such an extension may be justified "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005)(quoting Fed.R.Civ.P. 4(m) Advisory Committee Note, 1993 Amendments). Further, the Eleventh Circuit has explained that when a complaint is dismissed without prejudice, but a statute of limitations bars a plaintiff from refiling the complaint, the dismissal will be considered as though it was with prejudice. Powell v. Siegal, 447 F. App'x 92, 93 (11th Cir. 2011). "Although the running of the statute of limitations . . . does not require that the district court extend time for service of process under Rule 4(m), it [is] incumbent upon the district court to at least consider this factor." Lepone-Dempsey, 476 F.3d at 1282.

Here, Count I of Shah's complaint alleges a violation of Title VII, which must be brought within 90 days of the EEOC's issuance of a right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1); Hodge v. Orlando Util. Comm'n, No. 6:09-cv-1059, 2009 WL 5067758, at * 6 n.5 (M.D. Fla. Dec. 15, 2009)("The 90-day

limitations period for filing a Title VII claim imposed by 42 U.S.C. § 2000e-5(f)(1) is a statute of limitations."). Given that the EEOC issued Shah a right-to-sue letter on January 19, 2010, the Court will assume that the statute of limitations on Shah's Title VII claim has run and that she would be barred from refiling the claim. Accordingly, dismissal of the complaint without prejudice for failing to comply with Rule 4(m), Fed.R.Civ.P., would be tantamount to dismissal with prejudice. Therefore, the Court must determine whether the factors warranting a dismissal with prejudice are present in this case.

"[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, LTD v. M/V Mondada, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(internal quotations and citations omitted)(emphasis in original). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Id. at 1338.

In this case, there is no evidence that Shah's failure to

timely serve the Defendants was willful, deliberate or done in bad faith, rather than merely the result of inadvertence or negligence. Furthermore, it does not appear that Shah herself, as opposed to her counsel, was responsible for the delay in service. Since effecting service on the Defendants, Shah has continued to diligently prosecute the case; thus, Shah's failure to timely serve the Defendants cannot be seen as part of any clear pattern of delay.

Moreover, the Defendants cannot point to any prejudice that will result from extending the service period by one month, aside from being required to defend a suit on the merits that may otherwise have been dismissed on a procedural ground. Such prejudice, if it can even be considered such, is insufficient to justify the extreme sanction of dismissal with prejudice, especially where it has not been shown that the fault in this case rests on Shah and not her attorney. See Hawkins v. Eslinger, No. 6:07-cv-1261, 2008 WL 215710, at *6 (M.D. Fla. Jan. 24, 2008)(extending service under Rule 4(m) for claim that would be time-barred upon refiling, where the plaintiff's attorney was at fault and where the only prejudice to defendants was in defending the case).

Accordingly, because Shah's action would be barred if it were dismissed and refiled, the Court will exercise its

discretion to extend the period of service under Rule 4(m) to include Shah's late service on the Defendants.

### B. **12(b)(6) Motions**

In their motions to dismiss, Centurum and Global also seek dismissal under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted. In the Report and Recommendation, Judge Pizzo recommends that Global's 12(b)(6) be denied as moot and Centurum's motion be denied without prejudice.

### 1. **Legal Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)

("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[4]

### 2. **Prima Facie Case**

Pursuant to Title VII, it is unlawful for an employer "to

---

[4] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion."

fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII and § 1981 have the same requirements of proof and use the same analytical framework. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

Centurum argues that the complaint should be dismissed because it was not Shah's actual employer. Rather, Centurum asserts that a separate entity known as Centurum Information Operations (CIO), which is not a party to this case, was Shah's employer. Centurum contends that Shah knew that CIO was her employer prior to filing this action and supplies the Court with documentation showing that Shah listed CIO as her employer when filing for unemployment benefits on April 16, 2010. However, this evidence is outside the four corners of the complaint and the Court will not consider it analyzing the motions to dismiss. In response, Shah contends that she believed Centurum and CIO were one and the same company and argues that "in actuality, Centurum, Inc. and CIO have completely integrated operations and their corporate identity is indistinguishable in the context of this controversy."

(Doc. # 70 at 16).

Courts give a "liberal construction to the term 'employer' under Title VII." Lyes v. City of Rivera Beach, Fla., 166 F.3d 1332, 1341 (11th Cir. 1999). In accordance with that liberal construction, the Eleventh Circuit has recognized three doctrines that allow an employee, in certain circumstances, to assert a Title VII claim against an entity that is not formally her employer. Id. These related doctrines are referred to as the agency, single employer, and joint employer theories of liability. Id.

Under the agency theory, one "employer delegates sufficient control of some traditional rights over employees to a third party." Id. Under the single employer theory, "where two ostensibly separate entities are highly integrated with respect to ownership and operations" they may be counted together under Title VII. Id. Finally, where "two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees," the Court may treat the entities as joint employers under Title VII. Id.

In its motion, Centurum does not argue that it should not be held liable under any of these theories. Instead, Centurum

focuses only on its contention that it was not Shah's actual employer and thus, cannot be held liable for any violations of Title VII. While this argument may ultimately prove true, the Court is unable to rule as such on a motion to dismiss when the Court is limited to the allegations in the complaint.

In the complaint, Shah alleges that she "commenced her employment with Centurum/L-3 in February 2007" after which her "supervisors and co-workers engaged in a continuous pattern of unlawful discrimination against her." (Doc. # 1 at ¶¶ 11-12). Centurum contends that all of the discriminatory acts are attributable to employees of the other two Defendants, except for one act which is attributable to a CIO employee. However, the complaint does not actually define the employment of the pertinent actors as clearly as Centurum would have the Court believe. For instance, many of the allegedly discriminatory acts are attributed to Donald Davis, who is defined only as an "L-3/Centurum employee[]" who served as Shah's regional manager. While Centurum may have superior knowledge as to Mr. Davis's employer, the Court is unable to consider such evidence on a motion to dismiss.

Accordingly, based on Shah's allegation that Centurum was her employer, and given that Centurum could possibly be held liable under an agency, single employer, or joint employer

theory, it is not clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Centurum's arguments to the contrary are more appropriately reserved on a motion for summary judgment. Thus, the Court denies Centurum's 12(b)(6) motion to dismiss.

However, unlike Centurum, Shah does not at any point allege that Global was her employer. Global also moves to dismiss pursuant to Rule 12(b)(6) based on this fact. Although Judge Pizzo recommended granting Global's 12(b)(5) motion and denying Global's 12(b)(6) motion as moot, Shah does not object to Global's dismissal from the case. Accordingly, the Court finds it appropriate to grant Global's 12(b)(6) motion to dismiss because the complaint does not allege that Global was Shah's employer, and as such, fails to state a claim against Global for violation to Title VII and Section 1983.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1) The Report and Recommendation of Mark A. Pizzo, United States Magistrate Judge (Doc. # 90) is adopted in part, as modified herein, and rejected in part.

(2) Defendant L-3 Communications, Inc's Renewed Motion to Dismiss (Doc. # 49) is denied.

(3) Defendant Centurum, Inc's Renewed Motion to Dismiss the Complaint (Doc. # 51) is denied.

(4) Defendant Global Linguist Solutions LLC's Renewed Motion to Dismiss Complaint (Doc. # 62) is granted pursuant to Rule 12(b)(6), Federal Rule of Civil Procedure.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on the 6th day of July, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record