UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HINA SHAH,

    Plaintiff,

v.                        Case No. 8:11-cv-905-T-33MAP

CENTURUM, INC., ET AL.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant L-3 Communications Inc.'s Motion for Leave to Allow Its Corporate Representative to Appear by Telephone at Mediation (Doc. # 131), filed on August 6, 2012. L-3 represents that Defendant Centurum, Inc. does not oppose the motion, but Plaintiff Hina Shah does oppose the motion. For the reasons that follow, the Court denies the motion and directs L-3's corporate representative to appear personally at the mediation conference scheduled to take place on August 10, 2012, in Tampa, Florida.

    Local Rule 9.05(c), M.D. Fla., states, "Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement." L-3 asserts that its corporate representative

should be excused from appearing personally at the mediation conference because its corporate representative is located in Virginia. In essence, L-3 asserts that compliance with the Local Rules would be inconvenient and expensive in this case. However, the fact that L-3's corporate representative is located in a different location than the mediation conference is an insufficient reason to allow telephonic appearance at the mediation conference.

Parties have been required to attend mediation conferences in person under harsher circumstances. See Pecoraro v. State Farm Fire and Cas. Co., Civil Action No. 1:07cv777-LTS-RHW, 2008 WL 3842912, *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited."). Further, at least one court has imposed sanctions for a party's failure to procure the personal attendance of a person with full settlement authority at a mediation conference. See Falcon Farms v. R.D.P. Floral, Inc., Civil Action No. 07-23077-CIV-Ungaro/Simonton, 2008 U.S. Dist. LEXIS 62119, at *6 (S.D. Fla. Aug. 14, 2008).

Court annexed mediation is a valuable tool for the parties to utilize in settling their disputes. This Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant L-3 Communications Inc.'s Motion for Leave to Allow Its Corporate Representative to Appear by Telephone at Mediation (Doc. # 131) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of August, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record